UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA, : CIVIL ACTION NO. 08-4087 (MLC)

Plaintiff, : **MEMORANDUM OPINION**

v. :

ANTHONY WAYNE MCGUGAN, a/k/a ANTHONY WAYNE, a/k/a ANTHONY W. MCGUGAN, a/k/a "ANTHONY WAYNE: MCGUGAN," a/k/a "ANTHONY WAYNE: [MCGUGAN]," a/k/a "ANTHONY WAYNE OF THE FAMILY MCGUGAN," :

Defendant. :

**COOPER, District Judge**

**APPEARANCES**

Benjamin J. Weir, United States Department of Justice, Washington, D.C., for plaintiff.

Anthony Wayne McGugan, defendant pro se.

Plaintiff - United States of America (the "Government") - commenced this action, inter alia, to obtain a declaration that a document publicly filed with the Clerk of Ocean County, New Jersey, by defendant - Anthony Wayne McGugan, a/k/a Anthony Wayne, a/k/a Anthony W. McGugan, a/k/a "Anthony Wayne: McGugan," a/k/a "Anthony Wayne: [McGugan]," a/k/a "Anthony Wayne of the Family McGugan" ("McGugan") – is null, void, and without legal effect. (Dkt. entry no. 1, Compl.) The Court has reviewed the papers submitted and will decide the motion without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b). For

the reasons stated herein, the Court will grant the relief requested by the Government.

**BACKGROUND**

McGugan, on February 8, 2008, brought an action in this Court against Michael MacGillivray, Revenue Officer for the United States Internal Revenue Service ("IRS"), which appeared to seek (1) a declaration holding McGugan exempt from taxation by the IRS, and (2) to enjoin the IRS from seeking tax payments from McGugan. See Wayne v. MacGillivray, Civil Action No. 08-710 (GEB), dkt. entry nos. 1, 18. The Court, on May 5, 2008, dismissed the complaint, inter alia, for failure to state a claim under Rule 12(b)(6). See id., dkt. entry nos. 18, 19.

McGugan, in addition, on or about March 20, 2008, publicly filed a document, suspiciously labeled "Default Judgment" under the heading "In the United States District Court for the District of New Jersey - Trenton," with the Clerk of Ocean County, New Jersey. (Compl. at 1-2; id., Ex. 1.) The filed document also contains a reference at the top of the document to "Docket No. 3:08-cv-710," which is the civil action number for the complaint dismissed by the Court on May 5, 2008. (Id., Ex. 1.)[1] The text of the filed document provides:

[1] A judgment by default was not entered against either of the parties in Civil Action No. 08-710 (GEB). See Civil Action No. 08-710 (GEB).

> M. MacGillivray, IRS Revenue Officer, has failed to assert any claim to Anthony Wayne by proving the certificate of search in the District Court to be faulty or fraudulent within the twenty days stipulated.
>
> As stipulated on the Summons properly formed and served;
>
> You are hereby Summoned and required to serve upon plaintiff . . . AND FILE WITH THE CLERK OF THE COURT an answer to the complaint which is herewith served upon you, within 20 days of service of this Summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by Default will be taken against you for the relief demanded in the complaint.
>
> Default judgment is hereby entered and the injunctive relief sought in the counterclaim is awarded to Anthony Wayne.  M. MacGillivray, IRS Revenue Officer, and the IRS Cincinnati Campus Lien Unit, are by law to issue a Certificate of Release to the Ocean County Recorder's Office, and to forfeit seizure upon Anthony Wayne's property and person.  If M. MacGillivray, or any employee or officer of the IRS Cincinnati Campus Lien Unit, fails to do so, a Certificate of Exigent Circumstances will issue calling for the Arrest of M. MacGillivray, or any employee or officer responsible, in the cognizance of the U.S. Marshal Service, the State Department and Speaker of the House.

(Id.)

The Government, as a result, filed the complaint in this action on August 14, 2008, seeking, inter alia, (1) a declaration that the filed document is null, void, and without legal effect, (2) an order to expunge the filed document from the County Clerk's records, and (3) to permanently enjoin McGugan from filing similar bogus documents in the future.  (Compl. at 4.)  McGugan did not respond to the complaint.  The Government, on November 10, 2008, moved for a judgment on the pleadings pursuant to Rule 12(c).  (Dkt. entry no. 5.)

In response to the Government's motion, McGugan mailed to the Court on or about December 15, 2008, but did not file on the docket, a series of barely coherent, non-responsive documents. Many of these documents purport to have been publicly filed in various locations, including with the Clerk of Ocean County and the New Jersey Department of Treasury.  The documents submitted by McGugan include: (1) "Legal Notice and Demand," appearing to give notice to all public officials that, inter alia, (a) defendant is "a Private People of Posterity; a Sovereign Personam Sojourn; by fact; not a 14th amendment citizen or surety within; or subject for; or allegiance to; your corporate UNITED STATES," (b) the "silence of Corporate Office 'Secretary of State' ratifies severance(s) of any nexus or relationship to de facto corporate commercial state office(s)," and (c) lists the "billing costs" to be assessed for violations of McGugan's rights; (2) "Act of State," purporting to be (a) a "Reaffirmation of Character," and (b) "renounc[ing] and declar[ing] void, ab initio, any and all attempts . . . of any changes in [McGugan's] lawful Citizenship Status to that of Corporate Statutory/ Military/ Maritime/ Admiralty/ Fictitious Democracy UNITED STATES, U.S., STATE OF NEW JERSEY, COUNTY OF OCEAN, TOWNSHIP OF BARNEGAT, "ANTHONY WAYNE MCGUGAN" AND ALL ITS VARIATIONS"; (3) "Declaration of Political Status," appearing to make various demands to all public officials, and to declare, inter alia, (a)

"Anthony Wayne: McGugan is not a United States citizen, subject, vessel or 'person,'" (b) "Anthony Wayne: McGugan is foreign to the United States and retains official authority within His chosen jurisdiction," and (c) "Anthony Wayne: McGugan has the absolute unalienable Divine Right to keep and bear arms of any kind for protection of Self, Family, and Neighbors, by His Own Will and this DECLARATION"; (4) a letter purporting to be from the Authentications Office of the United States Department of State, regarding service number 08037888, stating "[n]o further authentication of your document is required because the country in which you intend to use it is a party to the 1961 Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents"; (5) "Power of Attorney" in which "Anthony W. McGugan" gives "Anthony Wayne: McGugan" power of attorney; (6) "Commercial Security Agreement" and "Hold Harmless and Indemnity Agreement" between debtor "Anthony Wayne McGugan, a Legal Entity, Fort Hamilton Hospital" and "Anthony Wayne: McGugan, a 'Personam Sojurn and People of Posterity'"; and (7) various "UCC Financing Statements," including (a) a statement listing the United Nations, United States, State of New Jersey, New Jersey Governor Jon Corzine, and Ocean County as debtors to "secured party Anthony Wayne McGugan," and (b) an amendment to a statement naming MacGillivray as an assignee.

**DISCUSSION**

The power of the district court "encompasses a broad range of powers necessary to compel compliance with the tax laws." United States v. Ernst & Whinney, 735 F.2d 1296, 1300 (11th Cir. 1984); see Brody v. United States, 243 F.2d 378, 384 (1st Cir. 1957); United States v. First Nat'l City Bank, 568 F.2d 853 (2d Cir. 1977); see also United States v. Barker, 19 F.Supp.2d 1380, 1383 (S.D. Ga. 1998) ("It is by now established beyond dispute that the United States may request the assistance of Article III courts to protect its officials from attempts at harassment, intimidation, and extortion in the form of 'liens' commonly filed by tax protestors and prisoners."). 26 U.S.C. § ("Section") 7402(a) specifically authorizes the Court to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the Internal Revenue laws." 26 U.S.C. § 7402(a).[2]

Courts have used Section 7402(a) on numerous occasions to grant the exact relief sought here, i.e., to enjoin taxpayers

---

[2] Additional support for the Court's jurisdiction in this case is found, inter alia, in the following statutes: (1) 28 U.S.C. § 1340, providing the district court with "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue"; (2) 28 U.S.C. § 1345, providing the district court with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States"; and (3) 28 U.S.C. § 1357, providing the district court with "original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues."

from filing frivolous and unsupported documents against IRS employees acting in accordance with their official duties, and declare such documents null, void, and with no legal effect. Examples of those decisions are collected here.[3]

---

[3] See, e.g., United States v. Bryan, 200 Fed.Appx. 680, 680 (9th Cir. 2006) (affirming district court's (1) expungement of "liens" placed on property of various IRS officials by taxpayer, (2) declaration that such "liens" were null and void, and (3) injunction preventing taxpayer from filing such "liens" in the future); United States v. Kaplowitz, 201 Fed.Appx. 659, 661 (11th Cir. 2006) (affirming district court's (1) expungement of recorded "judgments" against IRS employees, and (2) grant of injunctive relief preventing taxpayer from recording any further sham documents); Searcy v. Donelson, 204 F.3d 797, 799 (8th Cir. 2000) (holding district court did not err in (1) granting nullification of "liens" taxpayer filed against personal assets of IRS agents, and (2) enjoining taxpayer from filing additional "liens"); United States v. Scott, No. 98-3830, 1999 WL 518930, at *1 (7th Cir. July 19, 1999) (affirming district court's (1) declaration that taxpayer's "lien" against an IRS agent's property was null and void, and (2) permanent injunction of taxpayer from filing liens against the IRS agent without court approval); United States v. Potter, No. 96-72567, 1998 WL 903821, at *1-*2 (6th Cir. Dec. 18, 1998) (affirming district court's grant of, inter alia, (1) declaratory relief that "bogus liens" filed by taxpayer against property owned by several current and former federal officers were null and void, and (2) injunctive relief requiring taxpayer to take action to remove the "liens"); United States v. MacElvain, 68 F.3d 486, 486 (11th Cir. 1995) (affirming district court's declaration, permanent injunction, and expungement of public records regarding "common law liens," "complaints," and "commercial notices" taxpayer filed, because the bogus documents illegally interfered with the administration of the internal revenue laws); United States v. Rowen, No. 94-35129, 1995 WL 230345, at *1 (9th Cir. Apr. 18, 1995) (affirming district court's (1) declaration that "common law liens" filed by taxpayer against the property of IRS employees were null and void, and (2) injunction preventing taxpayer from filing "similar liens" in the future); United States v. Frlekin, No. 93-56098, 1995 WL 21339, at *1-*2 (9th Cir. Jan. 19, 1995) (affirming with

sanctions district court's grant of declaratory relief, injunctive relief, and expungement of a "commercial lien" taxpayer recorded against an IRS agent and other government officials); United States v. Trowbridge, No. 93-36155, 1994 WL 697566, at *1 (9th Cir. Dec. 13, 1994) (affirming district court's order adopting magistrate judge's report and recommendations to (1) declare null and void any "frivolous" liens or other documents filed by taxpayer against judicial officers and IRS agents, and (2) permanently enjoin taxpayer from filing, or attempting to file, any similar document or instruments); United States v. Willenberg, No. 93-17223, 1994 WL 416105, at *1 (9th Cir. Aug. 9, 1994) (affirming that the district court acted within its power to (1) declare "lien" filed by taxpayer void, (2) expunge filed document, and (3) enjoin taxpayer from filing such "liens" in the future); United States v. Moore, No. 93-5233, 1994 WL 95217, at *1 (10th Cir. Mar. 24, 1994) (affirming with sanctions district court's (1) statement that taxpayer publicly filed certain documents "for the purposes of intimidation and harassment . . . and [taxpayer's] actions were vexatious and intended solely to interfere with the lawful collection of unpaid taxes," (2) declaration that such documents were null and void, and (3) permanent injunction preventing taxpayer from filing frivolous "liens" against IRS employees); United States v. Kettler, No. 91-3011, 1991 WL 94457, at *1 (10th Cir. June 3, 1991) (affirming district court's (1) declaration that various "notices" filed by taxpayers were null, void, and without legal effect, (2) discharge of any filed documents affecting the real property at issue, and (3) permanent injunction preventing taxpayers from filing or attempting to file any additional related "notices"); Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985) (holding (1) Section 7402(a) empowers the district court to "void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes," and (2) the district court thus had jurisdiction to release "baseless" "common-law liens" against judge, magistrate judges, and attorneys involved in taxpayer's prosecution for failure to file tax returns); Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1034-37 (9th Cir. 1985) (finding district court did not abuse its discretion by, inter alia, (1) releasing all liens and other impediments upon the personal and real property of taxpayer's employer and some of its employees in an attempt by taxpayer to avoid the withholding of federal income

taxes from his wages, and (2) permanently enjoining future litigation of factual and legal issues related to the prior suits); United States v. Ekblad, 732 F.2d 562, 563-64 (7th Cir. 1984) (affirming district court's grant of preliminary injunction enjoining (1) taxpayer from preparing, publishing, or filing any instrument or document purporting to encumber any property of an officer or employee of the United States, and (2) the register of deeds from accepting any such documents from taxpayer); United States v. Hart, 701 F.2d 749, 749 (8th Cir. 1983) (affirming district court's issuance of declaratory and permanent injunctive relief arising out of a "Sheriff's Posse Comitatus Common Law Great Charter" that was recorded by the register of deeds and indexed against the real estate holdings of three IRS employees); United States v. Christenson, No. 07-4623, 2008 WL 5244551, at *2-*4 (D. Minn. Dec. 15, 2008) (adopting magistrate judge's report and recommendation to (1) void "default judgments" and "liens" publicly filed by taxpayers against an IRS revenue officer, and (2) permanently enjoin taxpayers from filing any similar documents or instruments against any employee or officer of the federal government); United States v. Muncy, No. 07-875, 2008 WL 2783285, at *3-*5 (E.D. Ark. July 15, 2008) (finding public filings by taxpayer to be "multitudinous, nonsensical," and null, void, and of no legal effect, and permanently enjoining taxpayer from filing any document or instrument purporting to create non-consensual liens or encumbrances against employees of the United States); United States v. Edwards, No. 08-73, 2008 WL 1925243, at *3-*5 (E.D. Cal. Apr. 30, 2008) (voiding sham UCC financing statements filed by taxpayer, and permanently enjoining taxpayer from filing any document or instrument purporting to create non-consensual liens or encumbrances against employees of the United States); United States v. El Bey, No. 07-255, 2008 WL 111197, at *1-*2 (W.D.N.C. Jan. 9, 2008) (amending earlier order (1) voiding alleged commercial lien filed by taxpayer against district court judge and others, and (2) permanently enjoining taxpayer from filing any similar document or instrument of that kind against any government officials, to expunge all such liens); United States v. Kaimikaua, No. 06-511, 2007 WL 4163434, at *2-*3 (D. Haw. Nov. 26, 2007) (voiding sham UCC financing statements filed by taxpayer against IRS agent, and permanently enjoining taxpayer from filing any document or instrument purporting to create non-consensual liens or encumbrances against the IRS and its employees); United States v. Covey, No. 05-487,

2007 WL 2962650, at *2-*4 (D. Idaho Oct. 9, 2007) (same); United States v. Tarantino, No. 06-618, 2007 WL 2062930, at *1 (E.D. Cal. July 16, 2007) (adopting magistrate judge's report and recommendation to (1) void UCC financing statements filed by taxpayer against IRS employees, and (2) permanently enjoin taxpayer from filing any documents or instruments of that kind against any employee of the federal government); United States v. Tanner, No. 06-1139, 2007 WL 1287898, at *2-*3 (W.D. Wash. Apr. 30, 2007) (voiding four sham UCC financing statements filed by taxpayer against the IRS and certain employees, and permanently enjoining taxpayer from filing any documents or instruments of that kind against any government agency or employee of the United States); United States v. Dutson, No. 06-650, 2007 WL 934726, at *1 (E.D. Cal. Mar. 27, 2007) (adopting magistrate judge's report and recommendation to (1) void UCC financing statements filed by taxpayer against IRS employees, and (2) permanently enjoin taxpayer from filing any documents or instruments of that kind against any employee of the federal government); United States v. Roy, No. 06-220, 2007 WL 614002, at *1 (E.D. Cal. Feb. 27, 2007) (same); United States v. Perkins, No. 06-249, 2007 WL 586896, at *1 (E.D. Cal. Feb. 23, 2007) (same); United States v. Molen, No. 06-614, 2007 WL 587198, at *1 (E.D. Cal. Feb. 26, 2007) (same); United States v. Prusa, No. 06-263, 2006 WL 2792830, at *1 (E.D. Cal. Sept. 28, 2006) (same); United States v. Jones, No. 06-217, 2006 WL 2666055, at *1 (E.D. Cal. Sept. 15, 2006) (adopting magistrate judge's report and recommendation to (1) void "frivolous" UCC financing statements and "default judgments" filed by taxpayer against IRS employees, and (2) permanently enjoin taxpayer from filing any documents or instruments of that kind against any employee of the federal government); United States v. Hollingshead, No. 06-421, 2006 WL 2355505, at *1 (E.D. Cal. Aug. 14, 2006) (same); United States v. Forbes, No. 05-2111, 2006 WL 1876645, at *1 (E.D. Cal. July 5, 2006) (same); United States v. Cardoza, No. 04-2429, 2005 WL 3823040 (E.D. Cal. Nov. 29, 2005) (same); United States v. Stouder, No. 04-1044, 2005 WL 2333990, at *1-*2 (M.D. Tenn. Sept. 22, 2005) (adopting magistrate judge's report and recommendation to void UCC financing statements filed against IRS agents); United States v. Dutson, No. 04-2585, 2005 WL 605381, at *3 (D. Ariz. Mar. 10, 2005) (finding liens or claims against judicial officers and other government officials to be "generally unintelligible, legally frivolous, void, and a nullity"); Ray v. Lowder, No. 02-

316, 2003 WL 22384806, at *2-*4 (M.D. Fla. Apr. 29, 2003) (magistrate judge opinion) (recommending district court (1) void bogus "Notice of Entry of Default Judgment" publicly filed by taxpayer, and (2) enjoin taxpayer from publicly recording such documents in the future, and noting "to clear title, if necessary, [the government] can file in the state public records this Court's order declaring the Default Judgment to be null and void"); United States v. Wyatt, No. 02-58, 2002 WL 1869401, at *1-*2 (W.D. Tex. June 25, 2002) (voiding non-consensual liens and encumbrances filed by taxpayer against government employees, expunging such records from any county office in the state where such liens have been filed, and permanently enjoining future filings of any such documents); United States v. Speight, No. 00-1791, 2001 WL 539610, at *2 (D. Conn. May 17, 2001) (finding "commercial liens" filed against the property of federal officials as a result of performing their official duties to be improper); United States v. Frauenkron, No. 99-1777, 2000 WL 637353, at *2-*3 (D. Minn. Mar. 3, 2000) (voiding commercial lien publicly filed by taxpayer against various IRS employees in retaliation for performing official duties, and enjoining taxpayer from filing similar "frivolous and unsupported" liens in the future); United States v. Shanahan, No. 97-5094, 1997 WL 879751 (W.D. Wash. Aug. 27, 1997) (voiding sham liens filed by taxpayer against IRS employee, and permanently enjoining taxpayer from filing further liens against IRS employees); United States v. Lindbloom, No. 97-441, 1997 WL 530605, at *2 (W.D. Wash. Apr. 16, 1997) (same); United States v. Knudson, 959 F.Supp. 1180, 1185-88 (D. Neb. 1997) (same); United States v. Lerch, No. 97-35, 1997 WL 401547, at *7-*10 (N.D. Ind. Mar. 28, 1997) (magistrate judge opinion) (recommending district court (1) void public filings by taxpayer against government officials, and (2) enjoin taxpayer from filing any such documents in the future without court approval); United States v. Laeger, No. 95-2119, 1996 WL 343465, at *2 (W.D. La. Apr. 29, 1996) (voiding bogus "liens" publicly filed by taxpayer against government agents, enjoining taxpayer from filing similar documents or instruments in the future, and expunging such "liens" from public records); United States v. Marsh, No. 94-865, 1996 WL 167859, at *1 (D. Nev. Feb. 14, 1996) (voiding "liens" filed by taxpayer against government officials, and granting injunctive relief preventing taxpayer from filing future "liens"); United States v. Haggert, No. 95-236, 1996 WL 196757, at *1-*2 (D. Me. Feb. 12, 1996) (voiding

---

"liens" and "affidavits" publicly filed by taxpayer against IRS and Department of Treasury agents, and permanently enjoining taxpayer from publishing, filing, or causing to be filed any similar documents or instruments in the future); United States v. Andra, 923 F.Supp. 157, 159-60 (D. Idaho 1996) (voiding "liens" filed against IRS agents, releasing such liens from encumbering the property of the IRS agents, and enjoining taxpayers from filing bogus liens in the future); United States v. Criswell, No. 95-180, 1995 U.S. Dist. LEXIS 13594, at *3 (D. Or. Aug. 31, 1995) (voiding "lien" filed against IRS employee, and enjoining taxpayers from filing sham liens in the future); United States v. Lamb, 76 A.F.T.R.2d 5675 (E.D. Mich. June 23, 1995) (voiding "liens" filed by taxpayers with county clerk against IRS agents, requiring taxpayers to disclose the locations of similar "liens" filed, expunging such "liens," and enjoining taxpayers from filing future "liens" against IRS agents); United States v. Rathbun, 75 A.F.T.R.2d 2773, 2775 (E.D. Wash. May 19, 1995) (enjoining taxpayer from filing, or attempting to file, any document or instrument purporting to (1) direct the seizure and sale of property of IRS agent, and (2) create non-consensual liens or encumbrances); United States v. Francis, 75 A.F.T.R.2d 2355, 2356-57 (D. Ariz. Apr. 13, 1995) (voiding "lien" filed against IRS employee, and enjoining taxpayers from filing sham liens in the future); United States v. Lutz, No. 94-5, 1994 WL 542938, at *2 (E.D. Ky. July 1, 1994) (voiding "liens" filed by taxpayer against IRS employees, and granting injunctive relief as "IRS employees will be hampered from performing their official duties and there is no adequate remedy at law"); United States v. St. Paul, No. 93-1790, 1993 WL 501833, at *2-*3 (C.D. Cal. Aug. 30, 1993) (granting government's motion for (1) declaration, (2) permanent injunction, and (3) expungement of public records regarding "commercial liens" taxpayer filed with the county recorder's office to abuse and harass federal employees); United States v. Bailey, No. 93-100, 1993 WL 522095, at *2-*3 (N.D. Okla. June 1, 1993) (granting injunctive relief preventing taxpayer from filing frivolous liens against IRS agents because "[i]t is in the interest of the public that the Internal Revenue Code be properly enforced and that the employees of the IRS be permitted to carry on there [sic] proper and lawful work without frivolous and vexatious types of liens being filed against them"); United States v. Thomas, 819 F.Supp. 927, 928 (D. Colo. 1993) (voiding "commercial liens" filed by taxpayer against IRS

The Government, moving for a judgment on the pleadings, contends, inter alia, that the bogus filed document, containing sham factual assertions and falsely purporting to be a grant of judgment by default by this Court, is "specifically calculated to cause substantial interference with the enforcement of the laws of the United States pertaining to the internal revenue, and to molest, interrupt, hinder or impede an employee or officer of the United States who was in good faith performing his official duties." (Compl. at 3.)[4] It further argues that the bogus filed

agents because they were "improper, false and for purposes of harassment," and preliminarily enjoining taxpayer from filing, or attempting to file, any document or instrument purporting to create a non-consensual lien or encumbrance against a government employee); Saenger v. Brown, No. 86-6473, 1988 WL 184863, at *1-*2 (D. Or. May 3, 1988) (finding "common law liens" filed by taxpayers in county clerks' offices and registers of deeds to be null, void, and of no legal effect, and enjoining taxpayers from filing, or attempting to file, any document purporting to create a lien against any federal employee); Peth v. Breitzmann, 611 F.Supp. 50, 55 (E.D. Wis. 1985) (finding bogus "Notices of Common Law Lien" filed by taxpayer to be "worthless scraps of paper [with] no legal effect"); United States v. Van Dyke, 568 F.Supp. 820, 821-23 (D. Or. 1983) (enjoining tax protestors from filing "hand signature liens" to harass IRS employees and thereby deter enforcement of the tax laws, and voiding such "liens" already filed); Order Granting Injunctive Relief and Directing the Entry of Judgment, Ray v. Lowder, Civil Action No. 02-316 (WTH), dkt. entry no. 22 (M.D. Fla. Sept. 18, 2003); Memorandum and Order, United States v. Lerch, Civil Action No. 97-35 (AS), dkt. entry no. 30 (N.D. Ind. May 30, 1997); Order, id., dkt. entry no. 33 (N.D. Ind. Sept. 25, 1997).

[4] Rule 12(c) provides "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c).

document is "wholly without any legal basis, and is solely designed to harass a Federal officer and employee in the performance of his official duties, and thus, imposes an immediate and irreparable harm." (Id.)

After carefully reviewing all submissions, the Court finds that the "Default Judgment" filed with the Ocean County Clerk, as well as the additional documents mailed to the Court by McGugan, are frivolous devices used to harass the Government and its employees. The representations in the above-referenced "Default Judgment" are patently false. While not labeled as liens, McGugan's "Default Judgment" and certain other documents seek to impose some sort of debt or financial obligation on the part of IRS Revenue Officer MacGillivray and other Government entities and officials associated with the Government's efforts to enforce the tax laws. The public filing of such bogus documents imposes irreparable harm on the Government entities and officials that are the subject of the documents, and is not within the public interest.

The documents at issue were filed without any legal basis, were not issued by court order, and interfere with the Government's enforcement of the Internal Revenue Code. Thus, the Court will declare any "default judgment," "UCC Financing Statement," or other document or notice filed by McGugan purporting to create a lien or encumbrance on the person or

property of any IRS employee or other Government employee who is authorized to perform and/or has performed, any act in connection with the assessment or collection of McGugan's tax liabilities to be null and void ab initio and to have no legal force and effect.

The Court will order that the bogus documents be expunged from county and state records, and allow the order to be filed and recorded by the United States in any federal or state office or agency, county clerk's office, assessor's office, or any other location where such bogus documents have been or will be filed by McGugan.

The Court will further permanently enjoin McGugan from publishing, filing, or causing to be published or filed, any similar document that has the purpose of harassing, molesting, interrupting, hindering, impeding, or retaliating against an official or employee of the United States in the enforcement of the internal revenue laws. This permanent injunction, however, will not prevent McGugan from applying to a federal or state court of competent jurisdiction in order to obtain relief for any non-frivolous legal claim, and will not apply to or prohibit liens lawfully created by any judgment of a federal or state court of competent jurisdiction.

**CONCLUSION**

The Court, for the reasons stated supra, will grant the Government's motion. The Court will issue an appropriate order and judgment separately.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: February 11, 2009